**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SAMUEL E. BROWN,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil No. 10-1248 (JRT/JJG)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

Petitioner is an inmate at the Minnesota Correctional Facility in Rush City, Minnesota. He is currently serving a 216-month sentence, which was imposed by the state district court for Ramsey County, Minnesota. (Petition, [Docket No. 1], p. (2), §§ 1,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

3.)  Petitioner's sentence was imposed after he pled guilty to first degree criminal sexual conduct.  (Id., §§ 4, 5.)  The date of his judgment of conviction was January 6, 2004.  (Id., § 2.)

The current habeas corpus petition indicates that Petitioner challenged his conviction and/or sentence on direct appeal.  (Id., § 8.)  The petition further indicates that Petitioner's conviction and sentence were affirmed on direct appeal in March 2009.  (Id., p. (3), § 9.)  This information, however, is clearly erroneous.

In an unpublished decision dated March 24, 2009, the Minnesota Court of Appeals reported that Petitioner did not file a direct appeal following his conviction and sentence.  Brown v. State, No. A08-0436 (Minn.App. 2009), 2009 WL 749484 (unpublished opinion) at *1, rev. denied, May 19, 2009.  However, Petitioner did, at some point, challenge his conviction and sentence in a post-conviction motion that was filed in the trial court.  Id.; Petition, pp. (3)-(4), §§ 10, 11.  The petition was denied without an evidentiary hearing on January 9, 2008.  Brown, 2009 WL 749484 at *1; Petition, p. (4), § 11(a).)  After the trial court denied Petitioner's post-conviction motion, he then appealed that ruling to the Minnesota Court of Appeals, and that apparently was his first and only state court appeal.

Petitioner filed his current federal habeas corpus petition on April 9, 2010.  The current petition lists four claims for relief.  In one of Petitioner's claims, (Ground One), he contends that there was insufficient evidence to support his guilty plea.  Two of Petitioner's claims, (Grounds Two and Three), challenge the propriety of his sentence.

2

The final claim, (Ground Four), is identified as a "Miranda warning" claim.[2]

The Court screened Petitioner's current habeas corpus petition immediately after it was filed, and found that it appeared to be time-barred. Petitioner was therefore ordered to show cause why this case should not be summarily dismissed due to untimeliness. (Order dated April 14, 2010; [Docket No. 3].) Petitioner was expressly advised that if he did not file a timely response to that order, the Court would recommend that this action be dismissed with prejudice. The deadline for responding to the Court's prior order expired more than two months ago, and Petitioner has not filed any response. For this reason alone, it would be appropriate to dismiss this action at this time, without further discussion. However, the Court has nevertheless fully considered the timeliness of this action, and finds that it is time-barred for the reasons discussed below.

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, effected several significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

---

[2] Plaintiff acknowledges that at least one of his current claims, (evidently Ground Three), has not been presented to the state courts. (Petition, p. (6), § 13.) Thus, it appears that Petitioner has not fully exhausted all of his state court remedies for all of his claims, as required by 28 U.S.C. § 2254(b). However, it is unnecessary to address this apparent failure-to-exhaust flaw, because the Court finds that this action must be summarily dismissed in any event, because it is time-barred.

3

"**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Here, Petitioner is challenging a judgment entered against him on January 6, 2004. (Petition, p. (2), § 2.) Because he did not pursue a direct appeal, that judgment became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was April 5, 2004, (90 days after the judgment was entered), and the statute of limitations began to run on that date.[3] The

---

[3] Petitioner has not shown that the statute of limitations began to run at a later date pursuant to 28 U.S.C. § 2244(d)(1)(B),(C) or (D).

4

deadline for seeking federal habeas corpus relief expired one year later, on April 5, 2005.

Petitioner did not file his current petition, however, until April 9, 2010, which was more than five years after the limitations period had expired. Therefore, the current petition is time-barred, unless the statute of limitations was somehow tolled.

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) could not aid Petitioner here, unless he filed his post-conviction motion almost immediately after the statute of limitations began to run on April 5, 2004. This conclusion is based on the following reasoning: Petitioner's post-conviction proceedings were fully completed on May 19, 2009, when the Minnesota Supreme Court denied his application for further review. The current petition was not filed until 324 days later, on April 9, 2010. Thus, the statute of limitations was running for 324 days <u>after</u> Petitioner's post-conviction proceedings were completed. In effect, Petitioner used 324 days of his one-year (365-day) limitation period after his post-conviction proceedings were completed. Therefore, Petitioner could have used only 41 days of the limitation period before he filed his post-conviction motion, (365 days - 324 days = 41 days). If Petitioner used more than 41 days of the limitation period before he filed his post-conviction motion, then the statute

of limitations was running for more than 365 days altogether, and the current petition is time-barred.  The statute of limitations began to run on April 5, 2004, so if Petitioner filed his post-conviction motion more than 41 days thereafter – i.e., later than May 16, 2004 – he used more than 365 days altogether.[4]  In short, the tolling provision could not aid Petitioner unless he filed his post-conviction motion on or before May 16, 2004.

Petitioner has reported that the trial court did not decide his post-conviction motion until January 9, 2008, (Petition, p. (4), § 11(a)(6)), and it seems highly unlikely that the motion was pending in the trial court for nearly four years, (i.e., from May 2004, until January 2008).  Furthermore, Petitioner has made no effort to show that he filed his state post-conviction motion in the trial court by May 16, 2004.[5]  Thus, the Court cannot conclude that the current petition is saved from being time-barred by the § 2244(d)(2) tolling clause.

The Court has also considered whether the doctrine of "equitable tolling" could

---

[4] Petitioner may believe that his state post-conviction motions did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully completed on May 19, 2009.  That, however, is simply not the case.  "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).  Once the statute of limitations expired in this case, (which apparently occurred on April 5, 2005), it could not thereafter be restarted by the subsequent filing of Petitioner's post-conviction motion.  See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"); Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired").

[5] According to a website maintained by the Minnesota State Judiciary, ("Minnesota Trial Court Public Access, (MPA)"), Petitioner did not file any post-judgment motions in his state court case before August 6, 2007.

save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not identified any extraordinary and wholly external circumstances that prevented him from seeking federal habeas corpus relief in a timely manner. Thus, the Court finds that the doctrine of equitable tolling cannot be applied in this case.

### III. CONCLUSION

In sum, it appears on the face of the current petition that Petitioner did not commence this action until more than six years after the applicable one-year statute of

limitations began to run in this case. Petitioner was required to show why this action should be not be dismissed due to untimeliness, and he made no effort to do so. (See p. 3, supra.) The Court has independently assessed the timeliness of this action, and finds no possible basis to conclude that the action could be timely. The Court will therefore recommend that this case be summarily dismissed, with prejudice, due to untimeliness.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED; and

2.  This action be DISMISSED WITH PREJUDICE.


Dated: July 27, 2010                     s/ *Jeanne J. Graham*
                                        JEANNE J. GRAHAM
                                        United States Magistrate Judge


## NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections **August 11, 2010**. A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.